## GENERAL COURT, MAY TERM, 1800.

### FISTER *vs.* BEALL's Adm'rs.

A bill of sale of personal property of which the vendor retained the possession, if for a *bona fide* consideration, and was

THIS was an action of *Replevin,* instituted in Frederick county court, and removed by *appeal* to this court, on the part of the defendant in the court below.

duly executed, acknowledged and recorded, it passed such property absolutely to the vendee; and the vendor is a competent witness to prove, that being in possession of the said property, he gamed the same away at cards.
An action of replevin does not abate by the death of the original plaintiff, but his administrator or executor may appear and prosecute it.

(*a*) *Duvall* and *Done,* J. concurring.

MAY 1800

Fister
vs.
Beall.

The action was brought in the name of the appellees' intestate, in his life-time, for a *Gelding.* The death of the plaintiff, in the court below, was suggested, and his administrators permitted to appear and prosecute. *Non cepit* and *property* were pleaded. The general replication replied, and issues were joined.

The plaintiffs below, gave in evidence by one *Perry Beall,* that the horse for which this action was brought, was his property, and that being his property, he sold and conveyed him to *Brooke Beall,* the said plaintiffs' intestate, by deed dated the 10th of August 1793; which deed duly executed, acknowledged and recorded, as the law directs, amongst the records of Montgomery county, in which county the said *Perry Beall* resided, was produced and read *in* evidence to the jury by the said plaintiffs, whereby the said *Perry Beall,* amongst other property therein mentioned, transferred, &c. *"two Horses,"* to the said *Brooke Beall.* The plaintiffs also proved to the jury, by the said witness, that after the execution of the said deed, the said horse remained *in* the possession of the said *Perry Beall,* the witness, with the assent of the said *Brooke Beall,* until September 1793, when the said witness rode the said horse to Frederick-Town, and gamed him away at cards with *Nicholas Madera.* The plaintiffs also proved by another witness, that the said horse came to the hands of *Daniel Fister,* the defendant, in the fall of the year 1793, by an exchange between him and one *Peter Kile.*

The defendant demurred to the evidence as above offered by the plaintiffs, as not being sufficient in law to maintain the issues joined. The plaintiffs joined in demurrer. And the county court adjudged that the plaintiffs had shewn sufficient matter in evidence to maintain the issues joined, and judgment was rendered for the plaintiffs. To reverse which judgment the defendant appealed to this court.

*Shaaff,* for Appellant.

*Mason,* for the Appellees.

THE GENERAL COURT *reversed* the judgment of the County Court, upon the ground, that being an

action of *replevin*, it *abated* by the death of the origi- May 1800.
nal plaintiff, and that the administrators could not
legally appear to prosecute such an action. Fister<br>vs.<br>Beall.

The Appellees appealed to the Court of Appeals.

THE COURT OF APPEALS, at November term 1802,
*reversed* the judgment of the General Court, and *af-
firmed* the judgment of the County Court.